IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

EMMA BEST,                      )
                                )
    Plaintiff,                  )
                                )
v.                              )     No.   04-3004 Ma/An
                                )
THE KROGER CO.,                 )
                                )
    Defendant.                  )

## CONSENT PROTECTIVE ORDER

The parties hereto, having consented through their respective attorneys to the entry of this Protective Order, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, in order to protect the confidentiality of certain information, to protect the privacy of third parties, and to facilitate discovery, the Court enters the following Protective Order.

1. Plaintiff seeks personnel files, employment records, and other information relating to Robin "Ben" Debose", an employee of Defendant The Kroger Co. (hereinafter referred to as "Kroger"). The personnel information sought contain confidential information. Responsive documents produced by Kroger shall be used only for purposes of this litigation and not for any other purpose. This information shall be treated by the parties and their counsel as confidential. Unless otherwise agreed by the parties in writing, confidential material shall not be disclosed, directly or indirectly, by the party to whom such material is produced to anyone other than the following persons:

    a.    Plaintiff or Defendants in this action;

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 7-20-05

b. Counsel for the parties to this action and employees or agents of such counsel engaged in the preparation of this action;

c. Any judicial officer of the District Court of the Western District of Tennessee and any Appellate Court, as well as clerks and court reporters and members of the Court staff as the Court deems appropriate.

d. Any independent, non-party consultants or experts specially retained to assist counsel for the parties in preparation of this action; and

e. Any person whose testimony will be given at a deposition in this action or the trial of this action or any person who has been disclosed as a potential witness in the trial of this action.

2. The inadvertent production of documents or things privileged from discovery shall not constitute a waiver of any privilege, and all copies of privileged documents or things inadvertently produced shall be returned to the producing party upon written request.

3. Any such confidential material shall be used only for the strict purposes of this pending litigation, as may be appealed.

4. If a witness is shown documents protected by this Order, that person shall be advised by counsel of this Order, and its meaning and purpose. Counsel, by their signatures below, expressly affirm that they have advised their respective clients of the obligations imposed by the terms of this Consent Protective Order. Each witness and/or client who is shown confidential materials must sign Attachment A. Upon request for the purpose of enforcing this Order, counsel will provide a copy of the signed Attachment to opposing counsel. If the parties cannot resolve any disagreement with respect to a request to provide the signed Attachment, they shall apply to the Court for a determination on the issue.

5. The terms of this Consent Protective Order apply to disclosures made during the course of discovery and the parties' Rule 26 disclosures and shall remain in effect beyond the

2

termination of this litigation. It is anticipated that confidential material shall be filed with the Court under seal, if at all.

6. The parties further agree that any and all copies of confidential material shall be returned to the producing party or destroyed at the conclusion of this pending litigation, as may be appealed.

The Court, finding the Protective Order consented to by the parties to be proper and appropriate, hereby orders that any confidential information produced in response to discovery requests propounded in this matter, and in furtherance of the parties' obligations under the disclosure requirements provided in Rule 26 of the Federal Rules of Civil Procedure, shall be subject to the terms set forth above and shall only be disclosed to those individuals in Paragraphs 1 (a) – (e) of this Order.

IT IS SO ORDERED.

Entered this 19th day of July, 2005

UNITED STATES DISTRICT JUDGE

Respectfully submitted:

*[signature]*

**DAVID P. JAQUA (TN Bar No. 05340)**
**JESSICA A. NEAL (TN Bar No. 023328)**
**BUTLER, SNOW, O'MARA, STEVENS**
**& CANNADA, PLLC**
6075 Poplar Avenue, Suite 500
Memphis, Tennessee 38119
Telephone: (901) 680-7343
**Counsel for Defendant**

*[signature]*

**DONALD A. DONATI**
1545 Union Avenue
Memphis, TN 38104
Telephone: (901) 278-1004

*[signature]*

**RUBY R. WHARTON**
147 Jefferson, Suite 1205
Memphis, TN 38103
Telephone: (901) 525-5771

**Counsel for Plaintiff**

4

## ATTACHMENT A

I, _____, have read the Consent Protective Order in Case No. 04-3004-Ma/An, *Emma Best v. The Kroger Co.*, and agree to abide by the terms and conditions set forth therein.

_____  DATED:_____
Signature

Witness:

_____  DATED:_____
Signature

_____
Print Name

Witness:

_____  DATED:_____
Signature

_____
Print Name

MEMPHIS 168078v1

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 10 in case 2:04-CV-03044 was distributed by fax, mail, or direct printing on July 21, 2005 to the parties listed.

---

Donald A. Donati
DONATI LAW FIRM LLP
1545 Union Ave.
Memphis, TN 38104

Ruby R. Wharton
THE WHARTON FIRM
147 Jefferson Avenue
Ste. 1205
Memphis, TN 38103

William B. Ryan
DONATI LAW FIRM, LLP
1545 Union Ave.
Memphis, TN 38104

David P. Jaqua
BUTLER SNOW O'MARA STEVENS & CANADA, PLLC
6075 Poplar Ave.
Ste. 500
Memphis, TN 38119

Jessica A. Neal
BUTLER SNOW O'MARA STEVENS & CANADA, PLLC- Memphis
6075 Poplar Ave.
Ste. 500
Memphis, TN 38119

Honorable Samuel Mays
US DISTRICT COURT