```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE WESTERN DISTRICT OF TENNESSEE
                           WESTERN DIVISION
_____

EMMA BEST,                          )
                                    )
     Plaintiff,                     )
                                    )
v.                                  )
                                    )         No. 04-3044 Ma/V
THE KROGER CO.,                     )
                                    )
     Defendant.                     )
                                    )
_____

       ORDER DENYING DEFENDANT'S MOTION TO DISMISS OR FOR SUMMARY
                                JUDGMENT
_____
```

Plaintiff Emma Best ("Best") brings this action under Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e et seq., alleging that, as an employee of Defendant The Kroger Co. ("Kroger"), she was subjected to sexual harassment by her supervisor and was constructively discharged after complaining about the harassment. Before the court is Kroger's motion to dismiss or for summary judgment, filed on November 14, 2005. Kroger contends that Best's complaint should be dismissed under the doctrine of judicial estoppel. Best filed a response on December 6, 2005. In her response, Best requested that sanctions be imposed against Kroger because its motion is not supported by the law or the facts. Kroger filed a reply on December 15, 2005. For the following reasons, Kroger's motion is DENIED.

1

**I. Background**

The following facts are undisputed, unless otherwise noted. Best alleges that she began to experience sexual harassment at work around October 2001. (Def.'s Mot. Supp. Summ. J. 3 ¶ 5.) On October 31, 2003, Best quit her job, allegedly because Kroger refused her transfer requests despite Best's repeated complaints about her supervisor's offensive behavior. (Compl. ¶ 22.) Best filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on November 11, 2003. (Def.'s Mot. 2 ¶ 1.) After receiving a Notice of Right to Sue from the EEOC on September 27, 2004, Best brought this action on December 22, 2004. (Id. ¶¶ 3-4.)

On March 21, 2003, several months before Best quit her job at Kroger and filed the EEOC charge, Best and her husband filed a joint voluntary Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Western District of Tennessee. (Id. 3 ¶ 6.) Best did not list her sexual harassment claim anywhere in her bankruptcy petition and did not later amend her petition to include the claim. (Id. 3, 5 ¶¶ 7-8, 15.) Best's bankruptcy plan was approved on July 1, 2003, and her debt was discharged and the bankruptcy case closed by an order entered July 1, 2005. (Id. 3-4 ¶¶ 11, 14.)

**II. Jurisdiction**

The court has jurisdiction to adjudicate federal claims

2

under 28 U.S.C. § 1331.

**III. Applicable Legal Standards**

    **A. Dismissal Under Rule 12(b)(6)**

"Under the liberal notice pleading rules, a complaint need only put a party on notice of the claim being asserted against it to satisfy the federal rule requirement of stating a claim upon which relief can be granted." Memphis, Tenn. Area Local, Am. Postal Workers' Union, AFL-CIO v. City of Memphis, 361 F.3d 898, 902 (6th Cir. 2004). When considering a motion to dismiss for failure to state a claim, the court regards all factual allegations in the complaint as true. Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988). Further, the court must construe the complaint in the light most favorable to the plaintiffs." Memphis, Tenn. Area Local, Am. Postal Workers' Union, 361 F.3d at 902. If the plaintiff can prove no set of facts that would entitle him to relief based on a viable legal theory, the claim will be dismissed. Scheid, 859 F.2d at 437.

"The Federal Rules of Civil Procedure do not require a claimant to set out in detail all the facts upon which he bases his claim." Conley v. Gibson, 355 U.S. 41, 47 (1957). "To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements of the claim." Wittstock v. Mark A. Van Sile, Inc., 330

F.3d 899, 902 (6th Cir. 2003).

### B. Summary Judgment

The party moving for summary judgment "bears the burden of clearly and convincingly establishing the nonexistence of any genuine issue of material fact, and the evidence as well as all inferences drawn therefrom must be read in a light most favorable to the party opposing the motion." Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1133 (6th Cir. 1986). The moving party can meet this burden by pointing out to the court that the respondents, having had sufficient opportunity for discovery, have no evidence to support an essential element of their case. See Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989).

When confronted with a properly supported motion for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. A genuine issue for trial exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party opposing the motion must "do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving party may not oppose a properly supported summary judgment motion by mere reliance on the pleadings. See Celotex

Corp. v. Catrett, 477 U.S. 317, 324 (1986). Instead, the nonmoving party must present "concrete evidence supporting its claims." Cloverdale Equip. Co. v. Simon Aerials, Inc., 869 F.2d 934, 937 (6th Cir. 1989). The district court does not have the duty to search the record for such evidence. See InterRoyal Corp. v. Sponseller, 889 F.2d 108, 110-11 (6th Cir. 1989). Nonmovants have the duty to point out specific evidence in the record that would be sufficient to justify a jury decision in their favor. See id.

**IV. Analysis**

Kroger asserts that, under the doctrine of judicial estoppel, Best's complaint must be dismissed because she did not disclose her claims as assets during her bankruptcy proceedings. "In order to invoke judicial estoppel, a party must show that the opponent took a contrary position under oath in a prior proceeding and that the prior position was accepted by the court." Teledyne Indus., Inc. v. NLRB, 911 F.2d 1214, 1218 (6th Cir. 1990). "Judicial estoppel is an equitable doctrine that preserves the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship, achieving success on one position, then arguing the opposite to suit an exigency of the moment," but it should be "applied with caution to avoid impinging on the truth-seeking function of the court because the doctrine precludes a contradictory position without examining the truth of either statement." Id. at 1217-18.

A bankruptcy petition is signed under penalty of perjury, with a continuing, affirmative duty to disclose all assets, and "pursuing a cause of action that was not disclosed as an asset in a previous bankruptcy filing creates an inconsistency sufficient to support judicial estoppel." Lewis v. Weyerhaeuser Co., 141 Fed. Appx. 420, 425 (6th Cir. 2005). Furthermore, when the bankruptcy court confirms a debtor's bankruptcy plan, it is accepting the position taken by the debtor in her bankruptcy petition. Id. Best's failure to disclose her cause of action against Kroger and the bankruptcy court's adoption of Best's position as to her assets in its orders could provide a sufficient basis for the court to find that Best is judicially estopped from pursuing her claim against Kroger.

Judicial estoppel, however, is not appropriate where the failure to disclose was the result of inadvertence, rather than an affirmative assertion that no such claim existed. Browning v. Levy, 283 F.3d 761, 775 (6th Cir. 2002). Failure to disclose can be considered inadvertent in two situations: (1) "where the debtor lacks knowledge of the factual basis of the undisclosed claims"; or (2) "where the debtor has no motive for concealment." Id. at 776.

Best has attested that she began to be sexually harassed at work as early as October 2001, several years before she and her husband filed bankruptcy. (Best Dep. 76:7-19, Oct. 31, 2005.) Thus, when she filed her bankruptcy petition on March 21, 2003, Best would appear to have had knowledge of at least some of the

6

facts on which her claims are based. In this case, however, Best's claims include ongoing sexual harassment, and some of the conduct, including her alleged constructive discharge, occurred after her petition had been filed and the plan approved. A claim of constructive discharge and the full extent of the sexual harassment claims would have been impossible to formulate at the time the petition was filed.

Furthermore, although both the EEOC charge and the civil complaint in this case were filed during the pendency of the bankruptcy proceedings, the cause of action was unasserted when the Bests filed for bankruptcy and when the bankruptcy plan was approved. Although the facts in <u>Lewis</u> appear similar, in that the plaintiff in that case did not file her EEOC charge until after filing for bankruptcy and having her bankruptcy plan approved, the allegations in that case were failure to promote and wrongful discharge, not the type of ongoing sexual harassment at issue in this case. 141 Fed. Appx. at 421. Furthermore, Lewis had been fired from her job two months before she and her husband filed for bankruptcy. <u>Id.</u> Therefore, when the bankruptcy petition was filed, all of the facts that later formed the basis for Lewis' complaint were known to her.

Best could not have known the extent of her potential cause of action when the bankruptcy petition was filed and the bankruptcy plan approved. Best did know, however, at least as early as the filing of her EEOC charge, which occurred during the pendency of the Bests' bankruptcy proceedings. Therefore, given a

petitioner's duty to amend her bankruptcy petition, the court finds that Best did not lack knowledge of the factual basis of the undisclosed claims.

Best asserts, however, that judicial estoppel does not apply because she had no motive for concealment. Specifically, Best argues that, because all of her secured and unsecured creditors were paid in full, she did not receive a windfall by failing to disclose her sexual harassment claim as an asset. Initially, the bankruptcy court set the percentage to be received by the Bests' unsecured creditors at 25% (Def.'s Reply Ex. 20), but the percentage was increased to 100% by a consent order, dated June 28, 2005. (Id. Ex. 21.) Whether Best ultimately benefitted from failing to disclose her sexual harassment claim as an asset, however, does not decisively show that she had no motive for concealment. "It is always in a Chapter 13 petitioner's interest to minimize income and assets." Lewis, 141 Fed. Appx. at 426.

Although the Sixth Circuit in Browning found that the plaintiff had no motive to conceal its cause of action from the bankruptcy court, in part because it would receive no windfall from such concealment, the plaintiff in that case was a debtor-in-possession, with all the rights and duties of a trustee. Furthermore, the bankruptcy plan in that case required that all assets be liquidated and distributed to creditors.  Therefore, not only did the plaintiff not actually receive a windfall by failing to disclose its cause of action, it could not have received a windfall. Browning, 283 F.3d at 776.

8

In this case, failing to disclose the sexual harassment claim could have led to a windfall for the Bests, and in fact, until five days before their bankruptcy case was closed, the bankruptcy plan did not require the Bests to pay all of their creditors in full. That Best and her husband consented to increasing the percentage owed to their unsecured creditors rather than being ordered to pay all of their creditors in full by the court does, however, strengthen Best's position that she had no motive to conceal and that her failure to disclose was inadvertent. Her position is further strengthened by the inchoate nature of the claims and the timing of the underlying facts. Therefore, given that courts should use caution in applying judicial estoppel, the court finds that Best's claims are not barred by her failure to disclose them as assets during her bankruptcy proceedings, and Kroger's motion to dismiss or for summary judgment is denied.

Considering Best's request for sanctions, the court finds that the arguments in Kroger's motion are warranted by existing law and based on evidentiary support, and therefore, sanctions are not appropriate.

**V. Conclusion**

    Defendant The Kroger Co.'s motion to dismiss or for summary judgment is DENIED.

    So ordered this 8th day of March 2006.

    s/Samuel H. Mays, Jr.

    SAMUEL H. MAYS, JR.

    UNITED STATES DISTRICT JUDGE